UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

_____

MARK BEERNTSEN
1173 Coventry Court
Suamico, WI 54173

BEERNTSEN CANDIES, INC.
200 North Broadway
Green Bay, WI 54303-2730,

       Case No. _____

    Plaintiffs,

    v.

BEERNTSEN'S CONFECTIONARY, INC.
108 North 8th Street
Manitowoc, WI 54220,

    Defendant.

_____

## COMPLAINT
_____

Mark Beerntsen and Beerntsen Candies, Inc., by their attorneys, Hudson Law, LLC and Boardman, Suhr, Curry & Field LLP, for their Complaint against the defendant allege and show to the court as follows:

### PARTIES

1.    Mark Beerntsen ("Mark") who resides at 1173 Coventry Court, Suamico, Wisconsin, 54173, is an adult citizen of the State of Wisconsin, and the President and sole shareholder of Beerntsen Candies, Inc.

2. Beerntsen Candies, Inc. is a corporation organized and incorporated under the laws of the State of Wisconsin with its principal place of business located at 200 North Broadway, Green Bay, Wisconsin, 54303-2730.

3. Mark and Beerntsen Candies, Inc. are engaged in the business of creating, manufacturing and selling premium-grade chocolates and premium candy and confectionary products in the State of Wisconsin and in interstate commerce.

4. Beerntsen's Confectionary, Inc. is a corporation organized and incorporated under the laws of the State of Wisconsin with its principal place of business located at 108 North 8th Street, Manitowoc, Wisconsin, 54220. Beerntsen's Confectionary, Inc. is engaged in the business of selling ice cream, chocolate and candy products within the State of Wisconsin and, on information and belief, in interstate commerce, as well as advertising its chocolate and candy products in interstate commerce from the Internet site, www.beerntsens.com.

**JURISDICTION**

5. This is an action for trademark infringement under the Trademark Laws of the United States, 15 U.S.C. § 1114, et seq. This court has jurisdiction over this action in that it is founded on federal question under 28 U.S.C. § 1331 and plaintiffs allege a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The court also has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). Further, the court has jurisdiction of the trademark, unfair competition and breach of contract claims under Wisconsin law pursuant to the court's supplemental jurisdiction under the provisions of 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States and the state claims are part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the plaintiffs and the defendant reside in this District and a substantial part of the events giving rise to plaintiffs' claim occurred in this District.

**ALLEGATIONS AS TO ALL CLAIMS**

7. On December 1, 1925, Henry Beerntsen ("Henry), grandfather of Mark, opened Beerntsen's Candy Shop in Green Bay, Wisconsin for the purpose of creating, manufacturing and selling premium grade chocolates and candies using the trademarks "Beerntsen Candies" and "Beerntsen's".

8. Henry created, manufactured and sold premium-grade chocolates and candies under the trademarks "Beerntsen Candies" and "Beerntsen's" continuously from 1925 until February 26, 1960 when he sold all the assets of the business to his son, Melvin Beerntsen ("Melvin"), father of Mark. Without interruption, Melvin continued the operation of the business, creating, manufacturing and selling premium-grade chocolates and candies under the trademarks "Beerntsen Candies" and "Beerntsen's."

9. On January 17, 1981, Melvin filed an application with the Secretary of State for the State of Wisconsin to register "Beerntsen Candies" as a trademark under Wisconsin trademark laws. The registration, Registration Filing No. 30624, a copy of which is attached hereto as Exhibit A, was recorded on January 19, 1981.

10. On February 14, 1990, Melvin, formerly a sole proprietor, incorporated Beerntsen Candies, Inc. to create, manufacture and sell premium-grade chocolates and he gave the corporation full authority to use "Beerntsen Candies" and "Beerntsen's" trademarks in intrastate and interstate commerce.

3

11. Melvin and Beerntsen Candies, Inc. created, manufactured and sold premium-grade chocolates and candies using "Beerntsen Candies" and "Beerntsen's" trademarks continuously from February 26, 1960 until January 4, 2001 when Melvin completed the transfer of the trademarks to Mark.

12. On January 4, 2001, Melvin executed a renewal of the trademark registration with the State of Wisconsin and filed it with the Wisconsin Secretary of State, a copy of which is attached hereto as Exhibit B.

13. The trademark registration, No. 30624, was validly assigned by Melvin to Mark by means of a written assignment dated January 4, 2001, which was recorded with the Wisconsin Secretary of State on April 25, 2001, a copy of which is attached as Exhibit C. Mark continues to be the owner of the state registered trademark, "Beerntsen Candies" and he markets Beerntsen Candies through his corporation, Beerntsen Candies, Inc.

14. On January 19, 2011, Mark renewed the trademark registration with the State of Wisconsin which was recorded by the Wisconsin Secretary of State as of January 19 2011 as shown on Exhibit D attached hereto.

15. From December 1, 1925 to date, Henry, Melvin, Mark and Beerntsen Candies, Inc. ("Green Bay Beerntsens") continually used the trademark "Beerntsen's" and "Beerntsen Candies" for the manufacture, sale, and advertising of premium-grade chocolates and candies. The Green Bay Beerntsens have used the trademarks "Beerntsen Candies" and "Beerntsen's" to identify their premium-grade chocolates and candies and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark on all containers containing the candy products and the displays associated therewith distributed throughout Wisconsin and in other states of these United States. In addition, plaintiffs have prominently

displayed "Beerntsen Candies" and "Beerntsen's" trademarks on the storefront, letterheads, bills, direct mail advertising, telephone directory advertising, radio advertising, and advertising distributed in interstate commerce.

16. The name "Beerntsen," when used to identify plaintiffs' premium-grade chocolates and candies, has developed and now has a secondary and distinctive meaning to purchasers in Wisconsin and in interstate commerce. The trademark carries a special meaning of premium-grade chocolates and candies originating with the plaintiffs.

17. Long after Henry adopted and began use of the trademark "Beerntsen's" and "Beerntsen Candies" in 1925, Joseph Beerntsen ("Joseph") opened a retail ice cream parlor and candy store in Manitowoc, Wisconsin, using the name Beerntsen. Upon information and belief, Joseph conveyed this candy story to Richard Beerntsen ("Richard") and his son Tom Beerntsen ("Tom") ("Manitowoc Beerntsens").

18. In 1984, the Manitowoc Beerntsens announced the planned opening of a candy story in Cedarburg, Wisconsin. Melvin, through his attorney, objected to the Cedarburg store, because Melvin shipped products to customers in that locality. Melvin's counsel threatened litigation under Wisconsin's trademark laws and common-law trademark rights, because the Manitowoc Beerntsens were infringing on Melvin's trademark rights.

19. In November of 1984, the Manitowoc Beerntsens presented to Melvin in Green Bay, Wisconsin a proposed Concurrent Use Agreement prepared and signed by them as a compromise of the controversy between Melvin and the Manitowoc Beerntsens. Melvin signed the Agreement ("Concurrent Use Agreement") in Green Bay, Wisconsin on January 18, 1985, a copy of which is attached hereto as Exhibit E.

5

20. Pursuant to the Concurrent Use Agreement, the Manitowoc Beerntsens could only operate retail confectionary stores in Wisconsin under the Beerntsen name in the Counties of Manitowoc, Sheboygan and Ozaukee, in the Village of Cedarburg, and up to two other locations more distant than 100 miles from the Brown County line. Melvin could operate retail confectionary stores throughout Wisconsin under the Beerntsen name but not in the counties of Manitowoc, Sheboygan and Ozaukee or within 25 miles of two locations the Manitowoc Beerntsens selected more distant that 100 miles from the Brown County line. Further, neither party could sell confectionary products intended for resale to any other confectionary retailer, distributor or middleman, except as follows:

    (a) The Manitowoc Beerntsens could sell confectionary products under the Beerntsen name to hotels, motels, convention centers and resorts for in-house consumption or for resale on their premises located in the Counties of Manitowoc, Sheboygan and Ozaukee or an area 100 miles or more distant from the Brown County line.

    (b) Melvin could sell under the Beerntsen name to such facilities for such purpose anywhere without restriction except in the Counties of Manitowoc, Sheboygan and Ozaukee.

21. Pursuant to the Concurrent Use Agreement, the Green Bay Beerntsens and the Manitowoc Beerntsens could sell their Beerntsen products during the life of the contract to end users by mail, freight or other form of delivery anywhere in Wisconsin or outside of Wisconsin.

22. On information and belief, in July of 2003, the Manitowoc Beerntsens sold the assets of Beerntsen Confectionary, Inc. to Schadrie Chocolates, Inc. The name of Schadrie Chocolates, Inc. was changed to Beerntsen Confectionary, Inc. and the corporation formerly

bearing that name was dissolved on March 17, 2004. The defendant has operated the business to this date.

23. On information and belief, no person with the Beerntsen family name is an owner, officer or operator of Beerntsen Confectionary, Inc.

24. The Concurrent Use Agreement expired on January 18, 2010; yet Beerntsen Confectionary, Inc. continues to advertise and market its products using the Beerntsen name in Wisconsin and in other states and continues to use "Beerntsen's" and "Beerntsen Candies" trademarks as its own trademarks.

25. While the Concurrent Use Agreement was in force, the defendant breached the agreement by selling confectionary products under the Beerntsen name for resale by confectionary retailers located within 100 miles of the Brown County line and outside of the Counties of Manitowoc, Sheboygan and Ozaukee including engaging in such sales to one or more confectionary retailers in Green Bay, Wisconsin.

26. The defendant uses and advertises the domain name "www.beerntsens.com" contrary to plaintiffs' trademark registration in the state of Wisconsin and contrary to plaintiffs' common law rights to the Beerntsen's trademarks in intrastate and interstate commerce.

27. By letter dated October 1, 2010, plaintiffs gave notice to the defendant that the plaintiffs' trademark "Beerntsen Candies" is registered with the Wisconsin Secretary of State and that plaintiffs have common-law trademark rights in the family name "Beerntsen." The notice demanded that defendant cease and desist from its acts of trademark infringement. Defendant has knowingly and intentionally refused to cease such acts and continues to infringe plaintiffs' rights.

# FIRST CLAIM
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

28. Plaintiffs repeat and reallege paragraphs 1 through 27 hereof as if fully set forth herein.

29. The acts of the defendant constitute unfair competition and infringement of plaintiffs' common-law rights in the trademarks "Beerntsen's," and "Beerntsen Candies."

30. Existing and potential out-of-state purchasers of candy products associate the defendant's inferior products with plaintiffs' premium-grade products, and defendant's use of the trademark in interstate commerce is causing actual confusion among vendors in interstate commerce who supply plaintiffs and is likely to cause confusion to purchasers in interstate commerce.

31. Defendant is advertising under the "Beerntsen" trademark in interstate commerce, and has caused its candy products to enter into interstate commerce with the designation and representation, "Beerntsen's" and "Beerntsen Candies." These acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that defendant has used, in connection with its advertising and sale of candy products, a false designation of origin, a false or misleading description and a representation of fact which is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of defendant with plaintiffs. Defendant's candy products are inferior to the quality of plaintiffs' products. Plaintiffs' products are advertised and sold in interstate commerce, and purchasers will assume that defendant's products originate with plaintiffs or have plaintiffs' sponsorship and approval. As a result, the reputation of plaintiffs and their candy products will be irreparably damaged.

32. Defendant threatens to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to plaintiffs' irreparable damage. It would be

8

difficult to ascertain the amount of compensation which could afford plaintiffs adequate relief for such continuing acts in interstate commerce, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate it for injuries threatened.

**SECOND CLAIM**
**INFRINGEMENT UNDER WISCONSIN LAW**

33. Plaintiffs repeat and reallege paragraphs 1 through 32 hereof as fully set forth herein.

34. Defendant has infringed on the plaintiffs' Registered and common law trademark in Wisconsin commerce by various acts, including operating a store at Manitowoc, Wisconsin under the name "Beerntsen Candies," operating a store in Cedarburg, Wisconsin under the Beerntsen name, selling, offering for sale and advertising candies under the name and mark, "Beerntsen," and use of a domain name advertising the Beerntsen name contrary to Section 132.02, Wisconsin Statutes.

35. The use of plaintiffs' name and trademarks by defendant is without plaintiffs' permission or authority.

36. Existing and potential purchasers of candy products in Wisconsin associate the defendant's inferior products with plaintiffs' premium-grade products. Defendant's use of plaintiffs' trademarks is causing actual confusion among purchasers of plaintiffs' chocolate and candy. Defendant's use of plaintiffs' name and trademarks are currently causing confusion, mistake and deception, and will likely to continue to do so, thus constituting unfair competition.

37. Plaintiffs have been injured and suffered monetary damages caused by defendant's unfair competition and willful infringement of plaintiffs' trademark since January 18, 2010 entitling plaintiffs to injunctive relief, three times defendant's profits directly

9

Case 1:11-cv-00151-WCG   Filed 02/08/11   Page 9 of 11   Document 1

resulting from such infringement and entitling plaintiffs to reasonable attorneys' fees and investigator fees.

### THIRD CLAIM
### BREACH OF CONTRACT

38. Plaintiffs repeat and reallege paragraphs 1 through 37 hereof as if set forth herein.

39. Defendant's breach of the Concurrent Use Agreement damaged the plaintiffs' business, reputation and good will and caused loss of sales and profits plaintiffs would have made but for defendant's acts.

**WHEREFORE**, plaintiffs pray as follows:

A. That this court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining defendant, and its agents, servants and employees from directly or indirectly using in interstate commerce the name "Beerntsen" or "Beerntsen Candies" or any other mark, word, or name similar to plaintiffs' mark which is likely to cause confusion, mistake or to deceive.

B. That this court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of defendant bearing the marks "Beerntsen's" and "Beerntsen Candies" in all plates, bowls, matrixes and other means of making the same, shall be delivered up and destroyed.

C. That plaintiffs be awarded all remedies authorized by Sections 132.02 and 132.033 of the Wisconsin Statutes.

D. That the defendant be required to account to plaintiffs for any and all profits derived by defendant from the sale of its goods under the "Beerntsen" mark, or ones confusingly similar.

E. That plaintiffs recover all damages sustained by them by reason of the breach of contract complained of herein.

F. That costs of this action including reasonable attorneys' fees be awarded to plaintiffs.

G. That this court grant such other and further relief as it shall deem just.

Dated at Madison, Wisconsin this 8th day of February, 2011.

                                                 BOARDMAN, SUHR, CURRY & FIELD LLP
                                                 By

                                                 /s/ Earl H. Munson
                                                 Earl H. Munson

                                                 HUDSON LAW, LLC
                                                 Lydie A. Hudson

                                                 *Attorneys for Plaintiffs Mark Beerntsen and Beerntsen Candies, Inc.*

Earl H. Munson
Boardman, Suhr, Curry & Field LLP
One South Pinckney Street
P. O. Box 927
Madison, WI 53701-0927
(608) 257-9521 (telephone)
(608) 283-1709 (fax)

Lydie A. Hudson
Hudson Law LLC
4510 Regent St.
Madison, WI 53705
(608) 237-3034 (telephone)
(608) 233-8466 (fax)

F:\DOCS\WD\draft\ehm\A1132952.DOCX