UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK BEERNTSEN and BEERNTSEN CANDIES, INC.,

    Plaintiffs,

  v.                                    Case No. 11-C-151

BEERNTSEN'S CONFECTIONARY, INC. and
ACUITY, A MUTUAL INSURANCE COMPANY,

    Defendants.

**DECISION AND ORDER**

Defendant Acuity Mutual Insurance Company has filed a motion for summary judgment. In it, it asserts that it has no duty to defend or indemnify its insured, Defendant Beerntsen's Confectionary, Inc., for the claims asserted in this action by the Plaintiffs. For the reasons given below, the motion will be granted.

Green Bay-based Beerntsen Candies, Inc. and its owner, Mark Beerntsen, brought this action against Beerntsen's Confectionary, Inc., a Manitowoc store, alleging claims relating to trademark infringement. In 1982, Plaintiff's father Melvin Beerntsen obtained a trademark on the Beerntsen Candies name. By then, a candy and ice cream store had long been operating in Manitowoc under the Beerntsen name, and this store had no relation to the Plaintiff's Green Bay business. Evidently the identical candy store names did not cause problems until 1984, when the Manitowoc store endeavored to open a second store in Cedarburg, Wisconsin. That development prompted Plaintiff's father to threaten litigation over the trademark, but the parties were able to resolve their

dispute through a Concurrent Use Agreement dated January 18, 1985. That agreement expired in January 2010. According to the complaint, the Manitowoc-based company continues to use the Beerntsen name despite the expiration of their agreement. The complaint further alleges violations of the Lanham Act and state trademark law.

Acuity provided insurance to the Manitowoc-based company. Although the policy language changed slightly after July 1, 2006, all applicable policies cover advertising injury.[1] The policies also contain an exclusion for advertising injury arising out of a breach of contract, however. Acuity concedes that the claims alleging trademark infringement might have triggered its duty to defend this lawsuit because damages from such claims do not arise out of a breach of contract. But although the complaint brings claims asserting trademark violations, discovery has confirmed that the damages Plaintiffs seek arise solely out of the parties' contract, the Concurrent Use Agreement. The insured has not disputed the fact that the only damages at issue here stem from the breach of contract claim. As such, Acuity argues, the policy exclusions bar coverage because the only claims that may have triggered a duty to defend are no longer being pursued.

The insured responds by noting that the duty to defend is triggered by the allegations of the *complaint*, not what comes to light in discovery. "[T]he duty to defend is broader than the duty to indemnify...." *Acuity v. Bagadia*, 2008 WI 62, ¶ 52, 310 Wis.2d 197, 750 N.W.2d 817. The duty to defend is determined by the complaint and not by extrinsic evidence. *Grube v. Daun,* 173 Wis.2d 30, 72, 496 N.W.2d 106 (Wis. Ct. App. 1992). "If there are allegations in the complaint which, if proven, would be covered, the insurer has a duty to defend." *Id.*

---

[1]The earlier policies are conceivably relevant here because the complaint alleges damages arising out of breach of the agreement while it was still in force, which could involve the older policies. (Compl., ¶ 25.)

But Acuity argues that we are beyond the duty to defend analysis. It concedes that the duty to defend is triggered solely by reference to the complaint, but once it becomes clear that its duty to *indemnify* has been extinguished, its duty to defend evaporates as well. Normally the duty to defend extends to the entirety of the case because the claim or claims that triggered coverage survive until the end of the litigation. "But where there are multiple claims and the only arguably covered claim is without legal merit and can be summarily dismissed, summary judgment in favor of the insurer is appropriate." *Eberts v. Goderstad,* 2006 WL 2350170, *3 (E.D. Wis. 2006). Thus, in some cases an insurer may move for summary judgment on the grounds that the claims that initially gave rise to coverage are no longer viable. If it succeeds in showing no coverage, the duty to defend falls away. *Baumann v. Elliott,* 2005 WI App 186, 286 Wis.2d 667, 704 N.W.2d 361 (Wis. Ct. App. 2005); *Kenefick v. Hitchcock,* 187 Wis.2d 218, 235, 522 N.W.2d 261 (Wis. Ct. App. 1994) ("[W]here the insurer disputes coverage, its duty to defend continues only until the issue of coverage is resolved.")

This is exactly the situation we have here. Discovery revealed that there were no damages being sought based on the claims that had initially triggered coverage. Thus, the insurer brought a motion seeking summary judgment that there was longer any basis for coverage. In response to the summary judgment motion, the insured focused solely on the duty to defend analysis, arguing that it is inappropriate to consider evidence outside of the pleadings. As noted above, however, that is only true when the duty to defend is the only question before a court. When the insurer asserts that the coverage question can be resolved on summary judgment, as here, the insured is obliged to come forward with evidence that the disputed claims actually have sufficient merit that they continue to require the insurer to defend the action. By focusing solely on the duty to defend

3

analysis, the insured has essentially conceded that there is no argument that coverage actually exists any longer.

A contrary result would require the insurer to provide a costly defense to its insured even after it became clear that there was no coverage. Suppose that the parties had reached a settlement or that the plaintiff had voluntarily dismissed the claim that triggered coverage. In that instance, should we expect an insurer to have to continue providing a defense even though it was clear that the lawsuit would not result in any coverage? That is surely more than one bargains for when one purchases insurance. Allowing free rides like that would merely serve to increase the cost of coverage for all insureds and would place too much emphasis on the drafting techniques used at the complaint stage of a case.

For the reasons given above, I conclude it is undisputed that there is no coverage for any damages sought in this action. Accordingly, the insurer's duty to defend is at an end. The motion for summary judgment is **GRANTED** and Acuity is entitled to judgment that it owes neither coverage nor a duty to defend this lawsuit any longer.

**SO ORDERED** this   13th   day of December, 2011.

  s/ William C. Griesbach  
William C. Griesbach  
United States District Judge